UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAVEL FERRERA PARRA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JUDICIAL CONFERENCE ) <br> OF THE UNITED STATES, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 1:25-cv-01346 (UNA) |

## MEMORANDUM OPINION

This matter was filed on April 29, 2025. Upon review, on May 9, 2025, the court issued an order, ECF No. 4, finding that plaintiff's *pro se* complaint was difficult to discern and failed to comply with Federal Rule of Civil Procedure 8(a). *See* Order ("Ord."), ECF No. 4, at 1–2. More specifically, the court noted that plaintiff appeared to bring claims under the ADA, FOIA, and the APA, but that all of those claims were underdeveloped. *See id*. at 2. It further noted that, because plaintiff sues federal entities, any disability discrimination claims must be brought under the Rehabilitation Act, not the ADA. *See id*. Finally, the court found that, insofar as plaintiff seeks to compel the Judicial Conference of the United States to review his judicial misconduct complaints and to disclose any related findings, there is no such private right of action. *See id*. at 2–3. Accordingly, the court provided plaintiff with 30 days to file an amended complaint drafted in accordance with Rules 8, 9 and 10 of the Federal Rules of Civil Procedure and Rule 5.1 of the Local Civil Rules, which clearly sets forth all the claims he intends to bring and identifying the claims brought against each defendant, identifying the specific FOIA requests at issue, and listing the full name and address of each defendant. *See id.* at 3.

On May 14, 2025, plaintiff filed an amended complaint ("Am. Compl."), ECF No. 5. On that same date, and in the days that have followed, he has filed a raft of submissions and exhibits, *see* ECF Nos. 6–24, amounting to hundreds of pages. Simply put, the amended complaint fails to correct any of the deficiencies noted by the court; that pleading, as well as the overwhelming number of accompanying exhibits that plaintiff "incorporates by reference" to the amended complaint, *see* Am. Compl. at 3, only serve to compound the problems inherent to the original complaint, *see* D.C. LCvR 5.1(e).

The amended complaint and its supporting documents are neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). Despite the court's clear guidance, *see* Ord. at 2, plaintiff once again improperly raises claims under the ADA, not the Rehabilitation Act, *see* Am. Compl. at 1–6, 8–10. He again improperly demands that the court compel the Judicial Conference to take action, *see id*. at 6, 9–10, which he has already been informed that it cannot do, *see* Ord. at 2–3. Plaintiff does not clearly identify specific facts supporting any alleged APA violations, *see* Am. Compl. at 2–3, 5–6, 9–10, or any disability discrimination that he allegedly suffered, *see id*. at 5–6, 9–10. As for FOIA, he contends that from "2021 and 2024, [he] submitted multiple lawful FOIA requests under 5 U.S.C. § 552 to the United States Marshals Service (USMS)," *see id.* at 3, but he once again fails to identify the operative FOIA requests in his pleading, relying instead on the same broad language used in his original complaint, *see* Ord. 2 (citing Compl. at 1, 4).

Although some copies of plaintiff's FOIA requests appear to have been peppered into his flood of exhibits, *see, e.g.*, ECF No. 8, it is unmanageable to ascertain what specifically plaintiff is challenging as to those requests, if anything, in light of the overbroad allegations presented, or

in the context of the countless other submissions he has filed. In other words, any FOIA claims are deeply conflated with plaintiff's myriad other grievances. "While [ ] a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983); *see Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

Indeed, plaintiff's amended pleading is "far too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id.* (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–671 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (finding that the complaint failed to comply with Rule 8(a) and because it was "outrageously long-winded and redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")). To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Id.* at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the

court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).

Notably, it is evident that *all* of plaintiff's claims are rooted in his belief in a widespread government conspiracy against him, executed by the defendants, the U.S. District Court for the Southern District of Texas, the U.S. Court of Appeals for the Fifth Circuit, and others, to cause him "procedural sabotage," *see* Am. Compl. at 5, "unlawful suppression of filings," *see id.* at 3, 5, and "systemic judicial obstruction," *see id.* at 6. The court finds these contentions to be baseless. *See Webb v. Dep't of Army*, No. 22-cv-02236, 2022 WL 17851470, at *1 (D.D.C. Oct. 7, 2022) (dismissing the plaintiff's claims for alleged FOIA violations predicated on a government conspiracy against him), *aff'd*, No. 22-5292, 2023 WL 2564344, (D.C. Cir. Mar. 20, 2023) (per curiam); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'")

Finally, the court notes that plaintiff has previously filed substantially similar if not identical cases in this court and others. *See, e.g., Para v. Judicial Conference, et* al., No. 25-cv-01061 (D.D.C. filed Mar. 13, 2025), Dismissal Order, ECF No. 14; Memorandum Opinion, ECF No. 13; *Parra v. United States*, No. 25-cv-00431 (Fed. Cl. filed Mar. 4, 2025); *Parra v. United States*, No. 25-cv-02624 (S.D.N.Y. filed Mar. 28, 2025). Plaintiff is forewarned that "[d]uplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are . . . subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Sturdza v. United Arab Emirates*, No. 09-cv-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009) (citing *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams*

*v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993)).

For all of these reasons, this case is dismissed without prejudice. Plaintiff's motion to complete administrative record, ECF No. 11, motion to appoint counsel, ECF No. 16, motion for judicial referral and oversight review, ECF No. 17, motion for judicial notice, ECF No. 19, first motion to submit memorandum, ECF No. 20, and second motion to submit memorandum, ECF No. 23, are all denied as moot. A separate order accompanies this memorandum opinion.

Date:   June 13, 2025

_____/s/_____
AMIT P. MEHTA
United States District Judge